IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

NAGA RAJA RAO MOSAM,

        Plaintiff,

v.

POOJA PEETHA MOSAM,

        Defendant.

1:15-cv-767-WSD

**OPINION AND ORDER**

This matter is before the Court on the Court's April 13, 2015, Order [5], directing Plaintiff Naga Raja Rao Mosam ("Plaintiff") to show cause, on or before April 27, 2015, why this action should not be dismissed for lack of subject matter jurisdiction. Also before this Court is Plaintiff's Motion for Remand of Verified Complaint to Spalding County Superior Court [6] (the "Motion to Remand").

On March 13, 2015, Plaintiff filed his Complaint [1] against Defendant Pooja Peetha Mosam ("Defendant") (together, the "Parties"), alleging that Defendant wrongfully retained the Parties' eighteen-month-old son (the "Child"). Plaintiff alleges that Defendant has wrongfully kept the Child in "India and away from the habitual and marital residence of the Parties and the Minor Child." Complaint ¶ 1.

Plaintiff, in his Complaint, asserted that the Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) "due to diversity of citizenship amongst the parties in this matter as Plaintiff and Defendant are citizens of the nation of India and the Minor Child at issue is a citizen of the United States of America as he was born in the State of Georgia."  Complaint ¶ 4.  Plaintiff, while initially stating that his Complaint was being filed "pursuant to applicable state and federal laws that address the return of children to their home state," Complaint ¶ 3, asserted only two counts in his Complaint, both brought under Georgia law.

On April 13, 2015, the Court, after reviewing Plaintiff's Complaint, issued its Order addressing the Court's subject matter jurisdiction over this matter.  The Court noted that Plaintiff alleged that diversity jurisdiction exists because the Child is a citizen of the United States and the Parties are citizens of India, but that the Child is not a party to this action.  (April 13, 2015, Order, at 2).  The Court noted further that both Plaintiff and Defendant are aliens for diversity purposes, and both are citizens of the same foreign state and that, therefore, based on the allegations contained in the Complaint, complete diversity between the Parties does not exist. (Id. at 2-3)  The Court noted also that, to the extent that Plaintiff sought to raise a claim under the Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act of 1988, Plaintiff

was required to bring this action in India, the place where, according to the Complaint, the Child is located.  (Id. at 4).  The Court ordered Plaintiff to show cause, on or before April 27, 2015, why this action should not be dismissed for lack of subject matter jurisdiction.

On April 26, 2015, Plaintiff filed his Motion to Remand, asserting that the Court lacks subject matter jurisdiction over this action, and requesting that the Court remand this case to the Superior Court of Spalding County, Georgia.  On April 26, 2015, Plaintiff filed his Response [7] to the Court's April 13, 2015, Order, where Plaintiff acknowledges that the Court lacks subject matter jurisdiction over this action.[1]

Rule 1447 of the Federal Rules of Civil Procedure allow a district court to remand a case to State court if it determined that it lacks subject matter jurisdiction.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Rule 1447, however, is entitled "[p]rocedure after removal generally", and only applies to cases which were originally filed in State court and subsequently removed to a district court.  E.g., E. Sav. Bank, FSB v. Estate of Kirk

---

[1] Plaintiff asserts that, if Plaintiff is awarded custody by the Georgia state court, this Court will have jurisdiction over this matter.  The Court does not consider that issue now, as it is uncontested that the Court, at a minimum, currently lacks subject matter jurisdiction over this action.

Case 1:15-cv-00767-WSD   Document 8   Filed 04/29/15   Page 4 of 4

ex rel. Kirk, 821 F. Supp. 2d 543, 545 (E.D.N.Y. 2011).  Plaintiff initiated this action in this Court, thus, the Court cannot "remand" the case to the Superior Court of Spalding County, Georgia, or any other State court.  To the extent that Plaintiff wishes to proceed in the Superior Court of Spalding County, Georgia, Plaintiff must file an action in that court.

As the Court concluded in its April 13, 2015, Order, and Plaintiff acknowledges in his Motion to Remand and Response, the Court lacks subject matter jurisdiction over this action.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand [6] is **DENIED**.

**SO ORDERED** this 29th day of April, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE